```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


COLLEGESOURCE, INC.            :    CIVIL ACTION
                               :
          v.                   :
                               :
ACADEMYONE, INC., et al.       :    NO. 10-3542
```

MEMORANDUM

McLaughlin, J.                                    October 28, 2011

   This case involves two companies that provide online college transfer services.  The plaintiff CollegeSource has accused the defendant AcademyOne of republishing course catalogs and course information that CollegeSource digitized and made available to its customers.  The parties' dispute has spawned several lawsuits, the first in the Southern District of California (hereinafter the "California Action"),[1] one before Judge Padova in this district,[2] and the instant lawsuit.

   CollegeSource moves to dismiss this case without prejudice, or, alternatively, to transfer the case to the Southern District of California or to stay this case pending the resolution of the California Action.  AcademyOne cross-moves to enjoin CollegeSource from litigating the California Action.  The Court denies both motions.

---

[1] CollegeSource, Inc. v. AcademyOne, Inc., No. 08-1987, (S.D. Cal. filed October 27, 2008).

[2] AcademyOne, Inc. v. CollegeSource, Inc., No. 08-5707, (E.D. Pa. filed December 8, 2008).

I.   Procedural History

   A.   The California Action

      On October 27, 2008, CollegeSource sued AcademyOne in the California Action.  CollegeSource brought five claims that are also pending in this suit: (1) violation of the U.S. Computer Fraud and Abuse Act; (2) breach of contract; (3) unjust enrichment; (4) trademark infringement; and (5) unfair competition under the Lanham Act.  In addition, CollegeSource brought claims for misappropriation and unfair competition under California law and violation of the California Computer Crimes Act.  AcademyOne moved to dismiss the California Action for lack of personal jurisdiction.  After the court ordered and the parties conducted jurisdictional discovery, CollegeSource opposed the motion to dismiss.

      Meanwhile, on December 8, 2008, AcademyOne sued CollegeSource in the Eastern District of Pennsylvania, bringing claims for false advertising, trademark infringement, and cybersquatting.  In that case, Judge Padova granted summary judgment on all claims in favor of CollegeSource.  AcademyOne, Inc. v. CollegeSource, Inc., No. 08-570, 2009 WL 5184491, at *7, *16-*17 (E.D. Pa. Dec. 21, 2009).

      On August 24, 2009, the district court in the California Action concluded that it lacked personal jurisdiction over AcademyOne and dismissed CollegeSource's complaint.  See

CollegeSource, Inc. v. AcademyOne, Inc., No. 08-1987, 2009 WL 2705426, at *7 (S.D. Cal. Aug. 24, 2009). CollegeSource timely appealed the dismissal to the Ninth Circuit.

### B. The Instant Lawsuit

While the Ninth Circuit appeal was pending, and after AcademyOne refused to agree to toll the statute of limitations, CollegeSource initiated this lawsuit on July 20, 2010 and filed an ex parte motion for a temporary restraining order to preserve evidence on AcademyOne's computers. See Decl. of Darren Quinn in Supp. of Mot. To Dismiss, Transfer or Stay ("Quinn Decl."), Ex. E. The Court denied the motion and instructed both parties not to destroy any potentially relevant information.

On October 19, 2010, the defendants moved to dismiss several counts of CollegeSource's amended complaint. On December 6, 2010, before the defendants' motion to dismiss was decided, CollegeSource moved for a preliminary injunction. The Court scheduled a hearing on the motion for preliminary injunction as well as a pre-hearing conference in chambers.

At the pre-hearing conference on January 18, 2011, the Court inquired about the status of the Ninth Circuit appeal in the California Action. Counsel for defendants attests and CollegeSource admits that CollegeSource declared its intention to go forward with litigating this case regardless of the outcome of

the Ninth Circuit appeal in California.  <u>See</u> Opp. to CollegeSource's Mot. To Dismiss Without Prej., Transfer, or Stay ("AcademyOne Opp."), Ex. 1 ("Landau Decl.") ¶ 5; Cons. Opp. to AcademyOne's Cross-Mot. To Enjoin CollegeSource and Reply in Supp. of CollegeSource's Mot. To Dismiss ("CollegeSource Reply and Opp.") at 12.

With the understanding that the parties would definitely proceed in this district, the Court moved forward with the case.  On January 24, 2011, the Court held a preliminary injunction hearing, took testimony from several witnesses, and accepted exhibits into evidence.  Following oral argument on January 26, 2011, and after considering the parties' proposed findings of fact and conclusions of law, the Court denied the preliminary injunction on April 22, 2011.

Three days later, the Court held a Rule 16 conference with the parties.  On May 18, 2011, the Court granted the defendants' motion to dismiss the RICO claims from the complaint.  The Court also issued a scheduling order setting deadlines for discovery and dispositive motions and referring the case to Magistrate Judge Elizabeth T. Hey to hold a settlement conference.  Magistrate Judge Hey met with the parties on October 4, 2011 and held a telephone status conference regarding settlement on October 13, 2011.

Starting in June 2011, the parties proceeded with

discovery pursuant to the Court's scheduling order. See Landau Decl. ¶¶ 7-8, 11. In the meantime, the parties continued with motion practice. AcademyOne filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11, and CollegeSource filed a motion to strike AcademyOne's affirmative defenses. The Court denied both motions. The Court granted the parties' joint motions for protective order and for extension of time to complete discovery. The fact discovery deadline was October 14, 2011. The Court also considered and decided two motions to compel and a motion to re-designate documents as "confidential" filed by AcademyOne, as well as three motions to compel filed by CollegeSource. A motion for protective order is currently pending before the Court as of the date of this memorandum.

    C.    The Ninth Circuit Decision

On August 8, 2011, the Ninth Circuit issued an opinion holding that AcademyOne is subject to specific personal jurisdiction in California, reversing the dismissal of the case, and remanding to the Southern District of California. CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066 (9th Cir. 2011). CollegeSource advised this Court by letter dated August 15, 2011 of the Ninth Circuit opinion and its intention to litigate in California. CollegeSource then filed the instant motion to dismiss this case without prejudice, transfer to

California, or stay the action. AcademyOne opposed the motion and cross-moved to enjoin CollegeSource from litigating the California Action.

II. <u>Analysis</u>

   A. <u>The First-Filed Rule</u>

The first-filed rule gives a court the power to enjoin the subsequent prosecution of proceedings involving the same parties and issues already before another district court. <u>EEOC v. Univ. of Pa.</u>, 850 F.2d 969, 971 (3d Cir. 1988) (citing <u>Triangle Conduit & Cable Co., Inc. v. Nat'l Elec. Prods. Corp.</u>, 125 F.2d 1008, 1009 (3d Cir.), <u>cert. denied</u>, 316 U.S. 676 (1942)). The rule encourages sound judicial administration, promotes comity among federal courts of equal rank, avoids placing an unnecessary burden on the judiciary, and avoids conflicting judgments. <u>EEOC</u>, 850 F.2d at 971, 977. <u>See also</u> <u>Church of Scientology v. U.S. Dep't of Army</u>, 611 F.2d 738, 750 (9th Cir. 1979).

The Third Circuit has explained, however, that the first-filed rule "is not a mandate directing wooden application of the rule without regard to rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping." <u>EEOC</u>, 850 F.2d at 972. <u>See also</u> <u>Pacesetter Sys., Inc. v. Medtronic, Inc.</u>, 678 F.2d 93, 95 (9th Cir. 1982) (noting

that first-filed rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration"). Rather, "[d]istrict courts have always had discretion to retain jurisdiction given appropriate circumstances justifying departure from the first-filed rule." Id.

In EEOC, the Third Circuit recognized several such appropriate circumstances justifying departure from the first-filed rule: (1) bad faith or forum shopping by the parties; (2) the second-filed action has developed further than the initial suit; and (3) the first-filing party instituted suit in anticipation of the opposing party's imminent suit in another, less favorable forum. 850 F.2d at 976-77 (citing cases). See also FMC Corp. v. AMVAC Chem. Corp., 379 F. Supp. 2d 733, 743-44 (E.D. Pa. 2005) (anticipatory filing); One World Botanicals Ltd. v. Gulf Coast Nutritionals, Inc., 987 F. Supp. 317, 329-30 (D.N.J. 1997) (anticipatory filing and preventing waste of judicial resources); Optical Recording Corp. v. Capitol-EMI Music, Inc., 803 F. Supp. 971, 974 (D. Del. 1992) (court's "familiarity with the subject matter of the litigation will reduce the expenditure of judicial resources," justifying departure from first-filed rule); PhotoMedex, Inc. v. St. Paul Fire & Marine Ins. Co., No. 09-0896, 2009 WL 2326750, at *5-8 (E.D. Pa. July 28, 2009) (forum shopping and anticipatory

filing); Automotive Service Ass'n v. Rockland Exposition, Inc., No. 08-3186, 2008 WL 5244282, at *5 (D.N.J. Dec. 12, 2008) (second-filed suit developed further).

    B.    Plaintiff's Motion to Dismiss Without Prejudice, Transfer, or Stay

Although the first-filed rule generally serves the purpose of promoting efficiency and should not be disregarded lightly, the Court finds in this case that circumstances warrant departure from the rule.  Furthermore, the proceedings in this Court have developed to the point where a dismissal without prejudice or transfer of venue would be a waste of judicial resources.

    1.    Application of the First-Filed Rule

Courts have declined to apply the first-filed rule where the proceedings in the second-filed action have developed considerably further than in the first-filed California Action. See Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 120 (8th Cir. 1985); Church of Scientology v. U.S. Dep't of Army, 611 F.2d 738, 749-50 (9th Cir. 1979).  Such is the case here.

As set forth above, this case has advanced significantly on the merits.  The Court has decided a motion to dismiss and a motion for preliminary injunction, including presiding over a lengthy preliminary injunction hearing.  In

addition, the Court has decided a motion for sanctions, a motion to strike affirmative defenses, and six discovery motions. The fact discovery deadline has passed, and a seventh discovery motion is under consideration.

In short, the Court has developed familiarity with the legal and factual issues of the merits in this case. In addition, Magistrate Judge Hey has expended time and energy into overseeing settlement negotiations between the parties. It makes little sense for another court to retread the same ground. Therefore, although the court in the California Action presided over jurisdictional discovery and decided a motion to dismiss for lack of personal jurisdiction, judicial economy would best be served by declining to apply the first-filed rule in this case.

Declining to apply the first-filed rule presents the potential problem of duplicative litigation, but the problem is of CollegeSource's own making. CollegeSource was within its rights to file this suit to preserve its claims given AcademyOne's refusal to toll the statute of limitations. However, judicial economy would have best been served had CollegeSource moved to stay this action pending the Ninth Circuit's decision, as the plaintiff did in Orthmann. 765 F.2d at 120.

Instead, CollegeSource affirmatively represented to the Court that it intended to continue litigating this case no matter

the outcome of the appeal.  The parties proceeded and expended time and resources accordingly, as did the Court.  It would be unfair to allow the plaintiff to change course after the defendants bore the expense and burden of litigating in this forum.

CollegeSource claims that counsel had not yet discussed the issue with CollegeSource when he made the oral representation to the Court in the pre-hearing conference.  CollegeSource also argues that "new facts" have been discovered since the representation that warranted a change of forum.  See CollegeSource Reply and Opp. at 12.  AcademyOne accuses CollegeSource of forum-shopping, manipulating venue in bad faith, and attempting to circumvent this Court's adverse orders against it.  See AcademyOne Opp. at 14-15.

The Court expresses no view of CollegeSource's motivations for pursuing litigation in California.  However, the Court notes that CollegeSource did not specify what "new facts" have been discovered.  Nor did CollegeSource explain or inform the Court of its change of heart at any point subsequent to the pre-hearing conference in January.

Even after the Court denied CollegeSource's motion for preliminary injunction, which relief requested might arguably have justified not seeking to stay this action, CollegeSource behaved consistently with its original stated intention to

continue litigating in this district. To allow CollegeSource to now abandon this litigation in favor of the California Action would be contrary to principles of fairness, comity, and efficiency. The Court therefore finds that the circumstances warrant departure from the first-filed rule.

### 2. Discretionary Decision to Dismiss, Transfer, or Stay

A motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) lies within the sound discretion of the district court. United States v. Eighteen Various Firearms, 148 F.R.D. 530, 531 (E.D. Pa. 1993); Dodge-Regupol, Inc. v. RB Rubber Prods., Inc., 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008). Similarly, 28 U.S.C. § 1404(a) vests district courts with "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." Jumara v. State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30-31 (1988)).

For the reasons stated above, the Court finds that in this case, principles of fairness, comity, and efficiency favor denying the plaintiff's motion for voluntary dismissal or, in the alternative, to transfer or stay the action. The parties have actively litigated this case for over a year, and this Court has expended time and energy in becoming familiar with the facts and

arguments.  To dismiss, transfer, or stay at this point would be a waste of the Court's efforts.

### C. Defendants' Cross-Motion to Enjoin CollegeSource

AcademyOne asks the Court to enjoin CollegeSource from proceeding in the California Action.  Although the Court shares AcademyOne's concern regarding duplicative parallel litigation, there is no precedent for a second-filed court enjoining prosecution of a first-filed lawsuit.

The Third Circuit has stated that under the first-filed rule, it is "the duty of the court first obtaining jurisdiction to enjoin the prosecution of the subsequent proceedings in the other court."  Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am., 651 F.2d 877, 887 n.10 (3d Cir. 1981) (citing Triangle Conduit & Cable Co., Inc. v. Nat'l Elec. Prods. Corp., 125 F.2d 1008, 1009 (3d Cir.), cert. denied, 316 U.S. 676 (1942)) (emphasis added).  AcademyOne has cited no Third Circuit precedent supporting the issuance of an injunction by the second-filed court, and the Court is not aware of any.

In Atlantis Petroleum, LLC v. Getty Petroleum Marketing, Inc., despite concerns about comity, Judge Surrick granted a motion for a temporary restraining order enjoining prosecution of a first-filed suit in New York.  No. 11-2517, 2011 WL 1532378, at *4-5 (E.D. Pa. Apr. 19, 2011).  However, that case

is distinguishable from the instant case.  <u>Atlantis Petroleum</u> implicated the Petroleum Marketing Protection Act.  That statute <u>requires</u> courts to grant preliminary injunctions for petroleum franchisees threatened with termination of their franchises if the franchisee meets the more lenient statutory standard for injunctive relief.  <u>See</u> <u>id</u>. at *5 ("The statutory scheme states that if a franchisee demonstrates that it is entitled to an injunction, courts do not have discretion to withhold it.")  Because Judge Surrick found that the franchisee had met the statutory standard for injunctive relief, that court granted the restraining order.  Here, there is no such statute requiring - or even enabling - injunctive relief.  Thus, <u>Atlantis Petroleum</u> does not provide support for an injunction from this Court.

Non-binding case law from other circuits also does not provide clear authority supporting the power of a second-filed court to restrain parties from proceeding with a first-filed suit.  <u>Compare</u> <u>Cenergy Corp. v. Bryson Oil & Gas P.L.C.</u>, 657 F. Supp. 867, 870-71 (D. Nev. 1987) ("[O]nly the court which has initial jurisdiction over the parties and the subject matter has the power to enjoin subsequent lawsuits.") <u>with</u> <u>Nat'l Patent Dev. Corp. v. Am. Hosp. Supply Corp.</u>, 616 F. Supp. 114, 121 (S.D.N.Y. 1984) (second-filed court grants cross-motion to stay action in California) <u>and</u> <u>William Gluckin & Co. v. Int'l Playtex Corp.</u>, 407 F.2d 177, 179-80 (2d Cir. 1969) (finding that district court's

issuance of a preliminary injunction restraining prosecution of a first-filed suit was not an abuse of discretion).

The lack of clarity on this injunctive power is consistent with the Third Circuit's warning that federal courts are reluctant to enjoin the prosecution of litigation in general. Hoeber v. Local 30, 939 F.2d 118, 126 n.13 (3d Cir. 1991) (citing Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731 (1983)); see also Transcore, L.P. v. Mark IV Indus. Corp., No. 09-2789, 2009 WL 3365870, at *8 (E.D. Pa. Oct. 15, 2009) (noting "the general judicial reluctance to enjoin a party from proceeding with a suit in another district"). Given that reluctance, the Court denies the defendant's cross-motion to enjoin.

Admittedly, denying the cross-motion to enjoin leaves open the possibility of duplicative litigation in this district and in the Southern District of California. However, either party can move for appropriate relief in the California Action, whether to dismiss or stay that action in favor of this one, or for that court to enjoin the prosecution of this action. See Church of Scientology v. U.S. Dep't of Army, 611 F.2d 738, 749-50 (9th Cir. 1979) (deferring to a second-filed court's decision to proceed on the merits); SKF USA, Inc. v. Miller, No. 10-4625, 2011 WL 940817, at *5 (E.D. Pa. Mar. 16, 2011) (dismissing first-filed action in favor of second-filed action).

Therefore, because there is no precedential authority

enabling this Court to enjoin the prosecution of the California Action, and because the parties are not without tools to remedy the possibility of duplicative litigation, the Court denies the defendant's cross-motion to enjoin.

An appropriate order shall issue separately.